NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL OGBIN and LYNN OGBIN individually and as a class representative on behalf of other similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>FEIN, SUCH, KAHN & SHEPARD, PC; JOHN DOE SERVICERS 1-100; and JOHN DOE LAW FIRMS 1-100,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 08-cv-4138 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Fein, Such, Kahn & Shepard, PC ("Fein") to dismiss Plaintiffs Michael and Lynn Ogbin's ("Plaintiffs") Complaint pursuant to FED. R. CIV. P. 12(b)(6). After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Fein's motion to dismiss is **granted**.

I.   **BACKGROUND**

Plaintiffs' Complaint arises from a foreclosure action filed by Fein on behalf of West Coast Realty ("WCRSI") against Plaintiffs on May 14, 2007. During the pendency of that action Fein generated two documents relevant to this matter, an August 23, 2007, letter sent to Plaintiffs' attorney setting forth the outstanding principal and interest owed on the defaulted loan as well as fees and costs associated with the foreclosure action ("Payoff Letter") and an August 28, 2007, letter which revised the first letter and itemized the legal fees and costs associated with the foreclosure action ("Revised Payoff Letter"). These letters where allegedly sent at the specific request of

Plaintiffs' attorney.

Plaintiffs filed their Complaint on August 14, 2008. Fein filed this motion to dismiss on October 20, 2008. Fein has not filed an answer.

## II.   STANDARD OF REVIEW

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

While under the liberal notice pleading standard a plaintiff is not required to plead facts sufficient to prove its case, there still must be an underlying claim for relief before the court. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir 2004). To defeat a 12(b)(6) motion the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

**III.   DISCUSSION**

Fein seeks to have this Court dismiss Plaintiffs' Complaint based on five arguments.  Fein argues that the letters upon which the Complaint is based are protected under the New Jersey litigation privilege.  Fein further argues that Plaintiffs have not suffered any damages which negates Plaintiffs' intentional misrepresentation and negligence claims.  Fein additionally challenges Plaintiffs' intentional misrepresentation claim on the grounds that it is not plead sufficiently to satisfy FED. R. CIV. P. 9(b).  Fein asserts that Plaintiffs' Federal Debt Collection Practices Act ("FDCPA") claim should be dismissed because the Act does not cover communications between attorneys.  Lastly, Fein seeks dismissal of Plaintiffs' negligence claim because Plaintiffs can neither demonstrate damages nor that Fein owed Plaintiffs a duty of care.

**A.  New Jersey's Litigation Privilege**

The litigation privilege protects "all statements or communications in connection with [a] judicial proceeding." Ruberton v. Gabage, 280 N.J. Super. 125, 133 (App. Div. 1995).  New Jersey courts have established that the privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 141 N.J. 207, 216 (1995).

At issue here are the two payoff letters sent by Fein during the pendency of the foreclosure action against Plaintiffs.  The foreclosure action was commenced on May 14, 2007.  The Payoff Letter is dated August 23, 2007, and the Revised Payoff Letter is dated August 28, 2007.  Both letters were drafted and sent in response to requests by Plaintiffs' Counsel to facilitate the dispensation of the foreclosure proceeding.  Fein correctly argues that all four elements of the New Jersey litigation privilege are met.  Specifically: (1) the foreclosure action was a judicial proceeding;

(2) the documents were produced at the request of opposing counsel; (3) the documents contained information necessary to resolve the foreclosure action; and (4) they involved the subject matter of the foreclosure action.

Plaintiffs argue that the litigation privilege does not apply to the FDCPA because pleadings alone were excluded as possible triggering documents under the Act. See Hodges v. Feinstein, Raiss, Kelin & Booker, LLC, 189 NJ 210, 225-36 (2007) (citing Heintz v. Jenkins, 514 U.S. 291, 292 (1995)) (holding formal pleadings from a civil action are precluded from being considered initial communications under the FDCPA). Plaintiffs further argue that the litigation privilege only applies to defamation, the New Jersey Law Against Discrimination ("LAD"), and 42 U.S.C. 1983 actions.

In response, Fein argues that the litigation privilege is not limited in scope. Fein cites as examples Ruberton, 280 N.J. Super. at 133, where the privilege was applied to a malicious interference claim, Commercial Ins. Co. Of Newark v. Steigh, 395 N.J. Super. 109, 119 (App. Div. 2007), where the privilege was applied to a misrepresentation suit, and Peterson v. Ballard, 293 N.J. Super 575, 581 (Law Div. 1995), where the privilege was applied to an intentional infliction of emotional distress claim. In Peterson, the New Jersey Appellate Division specifically noted that the privilege has been extended to torts beyond defamation. 293 N.J. Super at 581. Based on this, it is clear that the litigation privilege is applicable to Plaintiffs' negligence and intentional misrepresentation claims.

With respect to Plaintiffs' argument that the privilege does not apply to the FDCPA, Fein argues that the cases cited by Plaintiffs in support of their position do not stand for the proposition asserted. Hodges sets forth the narrow holding that the FDCPA applies to attorneys acting as debt collectors. 189 N.J. 210, 225-226 (citing Heintz v. Jenkins, 514 U.S. 291, 292 (1995). There is no discussion of the litigation privilege in either the Hodges or Heintz cases. Given that Plaintiffs' have

not cited to authority which establishes that the FDCPA subsumes New Jersey privileges generally nor the litigation privilege specifically, the Court concludes that the privilege is applicable to Plaintiffs' FDCPA claim.

Fein has demonstrated that all elements of the New Jersey litigation privilege are met. Therefore, Plaintiffs cannot rely on the Payoff Letter and the Revised Payoff Letter as grounds to substantiate Plaintiffs' claims. Given that all of Plaintiffs' claims arise from and rely upon the Payoff Letter and the Revised Payoff Letter, Plaintiffs' Complaint is **dismissed**.

### B. Damages

It is well established that damages or rather some form of loss or injury is an essential element of all common law tort claims. See Polzo v. County of Essex, 196 N.J. 569, 584 (2008) (affirming that a common law cause of action in negligence requires that "a plaintiff [] prove four core elements: '(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages[.]'") (quoting Weinberg v. Dinger, 106 N.J. 469, 484 (1987)); 49 Prospect St. Tenants Asso v. Sheva Gardens, 227 N.J. Super. 449, 477-478 (App.Div. 1988) ("Compensatory damages are not an essential element of an intentional tort committed willfully and without justification where there is some loss, detriment or injury and nominal damages may be awarded in such cases in the absence of compensatory damages."). Here, Plaintiffs assert two tort claims, intentional misrepresentation and negligence. Fein argues that Plaintiffs have not and cannot demonstrate that they have suffered any damages because Plaintiffs did not pay any of the disputed charges sought by Fein in the letters.

Plaintiffs respond by suggesting that the cost they incurred and emotional distress suffered in defending the foreclosure action constitute damages. Plaintiffs cite cases which stand for the proposition that damages include more than monies paid. See e.g., Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

The well settled proposition that damages include more than money paid is not at issue here. Moreover, the damages articulated by Plaintiffs all stem from the underlying foreclosure action and not Fein's representations in the two letters in question. Whether the letters drafted by Fein were accurate or not, Plaintiffs would still have been in default on a debt and had a foreclosure proceeding filled against them. For this reason, the damages alleged by Plaintiffs do not satisfy the common law requirement. Plaintiffs have failed to plead negligence or an intentional misrepresentation claim upon which relief can be granted. Therefore, Plaintiffs' intentional misrepresentation and negligence claims are **dismissed**.

### C. Duty of Care

As detailed above, to establish negligence a plaintiff must prove that the defendant owed a duty of care. Polzo, 196 N.J. at 584. Fein argues that Plaintiffs cannot establish that they were owed a duty of care because there was no privity of contract or fiduciary relationship. Fein further notes that the only relationship they had with Plaintiffs was that Plaintiffs and their clients were adversaries in a foreclosure proceeding.

Plaintiffs attempt to argue that Fein owed them a duty pursuant to New Jersey attorney malpractice third party liability. Plaintiffs' argument fails because they were an adversary of Fein and not a third party non-client. Moreover, during the foreclosure proceeding, Plaintiffs were represented by counsel. Therefore, it is fair to assume that Fein expected Plaintiffs to consult their attorneys and not merely rely on representations made on behalf of WCRSI during the pendency of the foreclosure proceeding. See Banco Popular N. Am v. Gandi, 184 N.J. 161, 179 (2005). Plaintiffs have not established that Fein owed them a duty. Therefore, Plaintiffs' negligence claim is **dismissed**.

### D. Plaintiffs' FDCPA Claim

In order to bring a claim under the FDCPA a plaintiff must demonstrate that as a "consumer," she received a "communication" from a "debt collector" in an attempt to collect a "debt." 15 U.S.C.

1692 *et seq*.

Fein argues that a communication to a debtor's attorney cannot give rise to a FDCPA claim. See Id. at 128 (holding that [w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.); Tromba v. M.R.S. Associates, Inc., 323 F. Supp.2d 424, 428 (E.D.N.Y. 2004); Ahmed v. I.C. System, Inc., 2005 WL 3533111, *12-13 (W.D.Pa. 2005). Plaintiffs respond by claiming that there are no Third Circuit cases on point and by citing to the one published case to find that communications to a debtor's attorney are actionable under the FDCPA, Evory v. RJM Acquisitions, 505 F.3d 769, 774-75 (7th Cir. 2007). See Guerrero v. RJM Acquisitions, 499 F.3d 926, 937 (9th Cir. 2007).

Fein addresses Plaintiffs' reliance on Evory by citing from Evory a passage where the Seventh Circuit suggested that "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." 505 F.3d at 774-75. Moreover, there is a Western District of Pennsylvania case wherein the Court proffered that no FDCPA claim exists where the underlying communication was to the plaintiff's attorney. Ahmed v. I.C. System, Inc., 2005 WL 3533111, *3-4 (W.D.Pa., 2005). While this case is not dispositive, it is instructive in this instance.

Fein sent two letters to Plaintiffs' counsel in the course of the foreclosure litigation. Even if we assume that these letters provided incorrect information, Plaintiffs were represented by counsel who were more than capable of addressing and having corrected any incorrect information. Given that the communications at issue were sent to Plaintiffs' attorneys, Plaintiffs have failed to state a FDCPA claim upon which relief can be granted. Therefore, Plaintiffs FDCPA claim is **dismissed**.

### E.  FED. R. CIV. P. 9(b)

Fein moves to dismiss Plaintiffs' intentional misrepresentation claim for failure to plead with

specificity as required by FED. R. CIV. P. 9(b).  The Court declines to address this matter as Plaintiffs' intentional misrepresentation claim has been dismissed on other grounds and a discussion of FED. R. CIV. P. 9(b) would be cumulative.

**IV.**     **CONCLUSION**

For the reasons stated, Fein's motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   May 29, 2009
Orig.:  Clerk
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File